The opinion of the Court was delivered by

Mr. Justice Huger.

The plaintiff’s rights (if he had any,) to cultivate the field was derived from Lites; who could not give what he himself did not possess. If Lites therefore did not possess a right to exclude the defendant, the plaintiff could not-. The defendant and Lites being tenants in common of the land, each was seized in the language oí the law, jper mey and per tout, of the whole tract. Each had a right of entering and cultivating the whole; neither could exclude the other; for the power of so doing, would be inconsistent with their joint rights. Lites therefore could not have prevented the defendant from entering and ploughing the field. One tenant in common, for this' reason, cannot sus tain an action of trespass' against another.
Had the plaintiff entered and cultivated the field, with the assent of defendant, as well as that of Lites, a different case would have been made. But so far. was defendant from assenting to such an arrangement, that it appears he refused to concur in the proposal, and only ploughed the piece of land he had cultivated the year before. The motion must, therefore, be granted.
Mott and Johnson, Justices, concurred.
Gantt, Justice. — John Gartman. the defendant, and one Jacob Lites, were tenants in common of a tract of land lying in Lexington district. The' defendant, Gartman, had occupied the *432 land for two years; on the third year, Lites rented the field to the plaintiff, Harman; who repaired the fences, ploughed the land and planted it in corn. When the season was too far advanced to commence a new crop, the defendant went and ploughed up the. corn;, for which wrong this action was brought.
The ground relied on for a new trial is, because the verdict is contrary to lawin this, that one joint tenant, or tenant in common cannot maintain trespass, quare. clausum fregit, against his co-tenant, unless, there has been an actual ouster. It is admitted that where there is an ouster, the converse of the rule holds good; that trespass may be maintained.
If this view of the law be correct, it would seem to follow, that under the circumstances of this case, the action was maintainable; because I can conceive of no disseisin more absolute than what took place on this occasion. The plaintiff, was In peaceable possession of the tenement, by an express contract , of lease with one of the tenants in common, and fey as .clear and indubitable an implied assent on the part of the other; who although.immediately in the neighborhood, did.not interpose his equal right in opposition to .the act of the ether, but suffered the plaintiff to repair fences, plough and plant the, corn, and after it '"was half made, went with high hand and forcibly destroyed the crop of the tenant. If this did not constitute an ouster or dis-seisin, .then they are terms without meaning.
It would be an abuse of language and a waste of time to reason on the subject, for the purpose of shewing that here was a disseisin committed on the part of Gartman: then by the .admission of the attorney for the defendant, trespass would lie. Btit suppose that even in case of oiister or disseisen, trespass cannot he maintained by a stranger, who comes in under a.leasefrom one tenant.in common, in which the. other did not at the time actually join, so as to entitle the tenant to recover for the entire Injury; still, it never was denied as law, but what a joint tenant might pass away his undivided interest or estate; consequently, the lease made .by Lites to the plaintiff was good for his moiety in the land, and the right of ¡the tenant for the year would bi-equal with that of the other tenant in common.. Under such *433 circumstances, how was it competent for Gartman to exercise controul and ownership over the whole field? He forcibly took from the tenant so much com as belonged to-him, to wit, one half; and for this the action should have been maintained, ah though possibly he might not, under circumstances other than those which existed in this case, have recovered for the whole. If this be law, then the plaintiff is entitled to retain one half of the sum recovered, and a remittitur should be énteréd for the rest
But I maintain with confidence, that according to the principles of the common law, Lites had a right to occupy the land by himself or bis tenant for two years, the period for which Gart-man had used it. ' Joint tenants stand upon an equal "footing* and according tó every rule of reciprocity, it whs competent for Lites to hold and use the field for the same period that Gart-man had held and used it. The latter had taken the profits for two years, and the former was entitled to take them for the same time; and this mode of exercising joint rights is recognized as a correct rule by elementary writers.
To show that the lease made by Lites was not void in law* but good for his part, I refer to Littleton, 286, ‘f a joint tenant ip fee makes a lease for years of the land, to begin presently or in futuro, and dies, it isa severance of the joint tenancy, and cannot be avoided by thé survivor; because immediately by force of the lease, the lessee hath a right in the same land of all that to the lessor belongs.”
“ If one joint tenant in fee makes a lease for years, reserving a rent, and dieth, the survivor shall have the reversion but not the rent, because he claims by title paramount.”
“If there be two joint tenants, and each make a several lease of the whole, their several moieties shall only pass by each lease.” Wil. part 1.fol. 1.
I think therefore by the strictest principles of the common law, the lease was good for a moiety.
I think that the presiding judge did not err, when he held that under existing circumstances, this was to be considered as the lease of one tenant in common confined by the implied assent of the other;-and whether this were so or not, that the least was good for a moiety, and that the verdict should stand.
*434 - But I think that by the principles of the common law, Lites was entitled to the exclusive use of the premises, the same period of time that Gartman had possessed, and therefore entitled to recover damages for tbfe entire injury.